**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JULIA RIELINGER,<br>         Plaintiff | ] Case No. 1:26-cv-00995-JPC<br>]<br>] Hon. J. Philip Calabrese |
| v. | ]<br>] **MOTION TO VACATE DEFAULT** |
| | ] **JUDGEMENT AND FOR LEAVE TO FILE** |
| CLEVELAND CHINATOWN | ] **ANSWER *INSTANTER*** |
| DEVELOPMENT LLC, et al., | ]<br>] |
|          Defendants | ]<br>] |

Defendant Nancy Liang ("Defendant Liang"), respectfully moves this Court to vacate the

Default Judgement and for leave to file her Answer to Plaintiff's Complaint instanter

(immediately), and in support thereof states as follows:

## I. PROCEDURAL BACKGROUND

On March 19, 2026, Plaintiff filed a return of service purporting to have served
Defendant Liang with the Summons and Complaint in this action. (ECF No. 12).

Defendant Liang failed to answer, move, or otherwise respond to the Complaint
within the time prescribed by the Federal Rules of Civil Procedure.

On May 29, 2026, this Court issued an Order directing the Clerk to enter default
against Defendant Liang (ECF No. 29), and the Clerk subsequently entered
default on the same day (ECF No. 30).

The Court further ordered Plaintiff to file a Motion for Default Judgment by June
11, 2026. (ECF No. 29).

Defendant Liang now seeks leave to file her Answer instanter to avoid the entry
of default judgment and to permit this case to proceed on the merits.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of
default for good cause." Fed. R. Civ. P. 55(c). The Sixth Circuit has established

three factors to guide the Court's discretion: (1) whether the default was willful; (2) whether setting aside the default would prejudice the plaintiff; and (3) whether the defendant has presented a meritorious defense. See United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983); Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 193 (6th Cir. 1986). These factors are "liberally applied in favor of trial on the merits." Id.

### III. GOOD CAUSE EXISTS TO SET ASIDE THE ENTRY OF DEFAULT

#### A.  Defendant Liang's Failure to Respond Was Not Willful

Defendant Liang did not willfully disregard the proceedings in this matter. Rather, her failure to respond stemmed from justifiable confusion and reasonable reliance on the procedural posture of related litigation between the same parties in the District of New Hampshire.

Critically, Plaintiff previously sought and obtained an order from the United States District Court for the District of New Hampshire authorizing "special service" on Defendant Liang in that action. However, the New Hampshire federal judge denied Plaintiff's motion for special service. A true and correct copy of that Order is attached hereto as Exhibit A.

Despite this denial in New Hampshire, Plaintiff then initiated the instant action in this District and purportedly effected service on Defendant Liang through the very same or similar means that the New Hampshire court had already rejected. Defendant Liang, who is an attorney licensed in Ohio but who resides and practices primarily in the Northern District of Ohio, reasonably believed that the New Hampshire court's ruling precluded Plaintiff from using the same defective service method to obtain jurisdiction over her in any federal forum.

Defendant Liang has acted promptly upon learning of the entry of default by retaining counsel and filing this motion. The failure to respond was not an intentional strategy to delay or avoid litigation, but rather a product of understandable confusion arising from the unusual procedural history across two federal districts.

#### B.  Setting Aside Default Will Not Prejudice Plaintiff

Plaintiff will suffer no cognizable prejudice if the Court sets aside the entry of default. This case remains in its early stages—no discovery has commenced, no case management schedule has been entered, and no motion for default judgment has yet been ruled upon. Plaintiff's alleged injuries occurred more than eight months ago, and a brief additional period to permit Defendant Liang to file an Answer will not materially harm Plaintiff. See INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir. 1987) ("Delay alone is not a sufficient basis for a finding of prejudice.").

2

C.  Defendant Liang Has Presented Meritorious Defenses

Defendant Liang has several meritorious defenses to Plaintiff's claims, which are more fully set forth in the proposed Answer attached hereto as Exhibit B. These include, without limitation:

Lack of Personal Jurisdiction – Plaintiff has failed to allege any facts establishing that Defendant Liang purposefully availed herself of the laws of the Northern District of Ohio. As an attorney acting within the scope of her representation of a client in Cleveland Municipal Court, any conduct at issue occurred solely within that judicial proceeding, which does not independently establish jurisdiction over her person for federal civil rights claims.

Litigation Privilege – All statements made by Defendant Liang in the course of the underlying eviction proceedings are protected by the absolute or qualified litigation privilege under Ohio law.

Failure to State a Claim under 42 U.S.C. § 1983 – Defendant Liang, as a private attorney representing a private client, did not act "under color of state law" as required to state a claim under § 1983. See Polk County v. Dodson, 454 U.S. 312, 318 (1981); Dennis v. Sparks, 449 U.S. 24, 28 (1980) (requiring allegation of conspiracy with state actor, which is absent here).

Rooker-Feldman Abstention – Plaintiff's claims are, in substance, an impermissible attack on the validity of the state court eviction judgment, over which this Court lacks subject matter jurisdiction.

Given the existence of these and other colorable defenses, the interests of justice strongly favor allowing this case to proceed on the merits rather than by default.

For the foregoing reasons, Defendant Liang respectfully requests that this Court:

Grant this motion for leave to file her Answer instanter;

Accept the proposed Answer attached hereto as Exhibit B as timely filed; and

Vacate the Entry of Default (ECF No. 30) as a necessary and ancillary matter.

Alternatively, to the extent the Court deems it appropriate, Defendant Liang requests that the Court temporarily defer ruling on Plaintiff's forthcoming Motion for Default Judgment until this Motion for Leave to File Answer Instanter is fully briefed and decided.

Respectfully submitted,

/s/  *Yan Liang*

Yan Liang (0088121)
Liang Law Firm, LLC
2142 Fenway Drive
Beachwood, Ohio 44122
PH:  (216) 233-0609 | FX:  (216) 364-0505
EM:  lianglawfirmllc@gmail.com

*PRO SE*


## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2026, the *MOTION TO VACATE DEFAULT JUDGMENT AND FOR LEAVE TO FILE ANSWER INSTANTER* is filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of filing to all counsel of record.

/s/  *Yan Liang*

Yan Liang (0088121)

4