# EXHIBIT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

Julie Robert,
Plaintiff,

v.

Debra Brown, et al
Defendants

Case No. 1:26-cv-00105

Judge: Charles Fleming

## PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND TO REOPEN CASE

## PURSUANT TO FED. R. CIV. P. 60(b)

Plaintiff Julie Robert respectfully moves this Court for relief from the Order of Dismissal (Doc. 72) and Judgment Entry (Doc. 73) entered on June 12, 2026, and requests that the Court reopen this action pursuant to Federal Rule of Civil Procedure 60(b).

## I.INTRODUCTION

This case was dismissed without prejudice for failure to prosecute when Defendants have never sent their April 23, 2026 motion for dismiss to Plaintiff either to her email address in court docket as julierrobert@yahoo.com as they claimed in the beginning of April 29th, 2026 hearing nor to resort2020@yahoo.com as they falsely claimed under oath at the end of April 29th, 2026 hearing and because of the negligence of Derry NH post office, Plaintiff has never received any orders that were issued by this Honorable Court after April 29th, 2026 hearing. Plaintiff respectfully submits that her failure to respond was not the result of abandonment of this litigation, but rather resulted from repeated failures of mail delivery to Plaintiff's correct residential address in Derry, New Hampshire, violation of Plaintiff's Defendants' due process and Defendants' intentional misrepresentation in front of this Honorable before and during the April 29, 2026 heating.

Plaintiff has continuously resided at the address on file with the Court and possesses a New

1

Hampshire driver's license reflecting that address. Court mail was repeatedly returned by the United States Postal Service despite the correctness of the address. Please see *Exhibit I-Plaintiff's valid driver license to prove her permanent residence in NH.*

Upon learning of the delivery problems, Plaintiff contacted the United States Postal Service and requested corrective action. USPS opened Service Request No. 89086200 and advised Plaintiff that the matter would be investigated. Please see *Exhibit II-Emails from US Postal Office.*

## II. FACTUAL BACKGROUND

1. Plaintiff actively prosecuted this case and appeared for the April 29, 2026 hearing before this Court, filed motion for this Honorable Court to order the Defendants return the property they stole from the Plaintiff as Defendants filed motion prior to April 29, 2026 hearing for permission to return the property that belong to Plaintiff, Defendants knew the stolen property not theirs because there was no sale nor auction of Plaintiff's property Plaintiff bought with loans when Defendants illegally seized on Dec 13, 2026 by taking advantage of the job opportunity Plaintiff offered out of good heart without meeting them or knowing them.

2. Plaintiff did not intend to abandon this litigation. Plaintiff does not reside in Ohio but has spent extensive funds and money by traveling from NH to OH to file each motion and attend the hearing. Plaintiff has borrowed enormous loan to buy the half mil dollars' worth merchandise and furniture for Jupiter Global Resources LLC and Sara Mellott Real Estate Dev LLC. Due to severe flood and rat infestation in the building, the said two companies have never been able to open for business in order to pay Plaintiff back for the loan she borrowed for the purchase.

3. Defendants pleaded to Garfield Hts mayor for help for resource to help them with job and roof over head. The mayor reached out to Plaintiff who went out her way as good Samaritan to help strangers in help but at the end her good heart got taken advantage of and dragged through 6

months litigation with no time to do any work when her health is failing with glucose *that still* reaches to 300 to 400 every day *even* with four times insulin a day and all feet, legs and hands are numb 24/7 because of the neuropathy result from diabetic worsening from the stress caused by Defendants' theft conduct, constant dishonesty to Plaintiff, the mayor and the court.

3. During April 29., 2026 hearing Plaintiff pointed out the Defendants' dishonesty, the Court advised Plaintiff to file sanction and Plaintiff is waiting for funds to obtain the transcript in order to file sanction. Defendants have never served Plaintiff their motion to dismiss they filed on April 23, 2026 when they intentionally misrepresented themselves to the court that they served on Plaintiff at email address in court file: julierrobert@yahoo.com, Plaintiff explained to the Court that was misrepresentation then they intentionally made another false representation under oath during the hearing by telling the Court that they served on Plaintiff at email address as resort2020@yahoo.com and in reality they never did. Please see *Exhibit III- yahoo proof of no email from Defendants on or around April 23, 2026 to julierrobert@yahoo.comn and resort2020@yahoo.com. Please see Exhibit V-Pacer account that has been paid multiple times and still inactive.* Because of Pacer issues, Plaintiff has never been able to register as CM/ECF user otherwise Plaintiff would not have to travel from NH to OH multiple times from Jan to June to file paperwork every time when the paperwork needs be filed at this Court. The Defendants are obligated to mail their motion to Plaintiff otherwise it constitutes due process violation and Defendants have never mailed nor emailed their April 23, 2026 frivolous motion to dismiss to Plaintiff not through US Postal Service nor any email they intentionally misrepresented to the Court. If the Defendants served the motion on Plaintiff via US Post and US Postal mistakenly returned then Defendants would have the returned envelope to prove to the Court during April 29, 2026 hearing but they did not have. They never served Plaintiff with their frivolous motion

3

to dismiss neither via US Postal Service nor email. Plaintiff was waiting to obtain transcript to file the motion for sanction this Court advised at the end of April 29, 2026 hearing in regard to the intentional inconsistency and misrepresentation of the Defendants in front of this Honorable Court.

4. Plaintiff has resided in NH prior to Dec 13, 2026 when Defendant stole her half mil dollars' worth merchandise and furniture. On March 5, and 10th, 2026 NH postal office mistakenly returned the court orders. Plaintiff went to the post office right away and showed them her driver license, her utility bills to prove her residency and the post office promised Plaintiff that this error would not happen any more but on May 8thm 2026 it happened again. Please see *Exhibit IV —returned court orders.* Prior to dismissal, multiple Court mailings were returned as undeliverable despite being addressed to Plaintiff's correct residential address in Derry, New Hampshire.

5. Plaintiff resides at that address and possesses a valid New Hampshire driver's license reflecting the same address.

6. On and around Jun 18, 2026 when Plaintiff could not find the status of the case via her pacer nor the pacer account at NH federal court after Plaintiff went to NH federal court because it is where she lives, she called this Court and found out all court orders after April 29, 2026 hearing were retuned so she personally contacted the United States Postal Service regarding the delivery failures and requested correction of the problem right away on June 18, 2026. Please see *Exhibit II.* USPS acknowledged Plaintiff's complaint and opened Service Request No. 89086200 for investigation.

7. Because Plaintiff did not receive the Court's mailed orders, Plaintiff was unaware of the deadlines contained therein nor any court decisions made after April 29, 2026 hearing.

4

8.Plaintiff did not learn of the June 12, 2026 dismissal until she contacted the Court and later flew to OH from NH to obtain copies of the docket and orders.

9.Immediately upon learning of the dismissal, Plaintiff began gathering documentation regarding the returned mail and postal delivery problems.

10. Defendant Cube Smart was not able to provide any evidence to prove there was auction of Plaintiff's half mil dollars' worth property that was at their facility on Dec 13, 2025. There is merit in this case in relate to the cause of actions of theft, deception, bad faith and criminal damage.

## III. LEGAL ANALYSIS

Federal Rule of Civil Procedure 60(b) authorizes relief from judgment for mistake, excusable neglect, and other reasons justifying relief. Therefore constant intentional misrepresentation of Defendants and US Post office constant negligence that is total out of Plaintiff's control are the grounds for relief from judgment

Plaintiff respectfully submits that relief is warranted because:

A. Plaintiff Did Not Intentionally Abandon This Litigation

Plaintiff has traveled multiple times from NH to OH to file all paperwork that needs be filed at this Court, spent 6 months' time to pursue the justice and recovery from the damage caused by the Defendants' theft and dishonest conducts, appeared at the April 29, 2026 hearing and continued pursuing her claims. Her conduct demonstrates an intent to prosecute the action rather than abandon it.

**According to Federal Rule of Civil Procedure 5**-service of motions and other papers and **Federal Rule of Civil Procedure 77 (d)**- notice of orders and judgments by the clerk and the

5

local rules of the particular federal court regarding CM/ECF and pro se litigants, the court is correct that litigants have a duty to monitor the progress of their cases. However, that does not necessarily mean that the court can disregard service requirements. Plaintiff has diligently attempted to monitor the case but was not able to register as CM/ECF filer and was unable to receive electronic notices but traveled extensively from NH to OH to file motions and required paperwork in person, Defendants intentionally not served Plaintiff the critical motion and misrepresented the facts, truth, misleading the Court prejudice against the Plaintiff who should have never acted as a good Samaritan to the parties who steal and act dishonest all the time.

B. Repeated Mail Delivery Failures Prevented Actual Notice

Plaintiff was not receiving any CM/ECF electronic notices since the case was filed, repeatedly did not receive mailed orders because of documented mail delivery failures, and therefore lacked actual notices of critical filings and deadlines. This is NOT Plaintiff's failure but the negligence of US Postal Office and pacer system failure that is out of Plaintiff's control. Court correspondence was repeatedly returned despite Plaintiff's correct address and Plaintiff's efforts to correct the post office's mistakes on March, 2026. Plaintiff had no control over the Postal Service's handling of mail directed to her residence. Plaintiff has paid Pacer multiple times and till today she still can not access the case status from her Pacer account. Plaintiff's inability to receive Court correspondence prevented her from learning of certain deadlines and orders and that inability to receive Court correspondence is out of Plaintiff's control not her will.

C. Plaintiff Acted Promptly Upon Learning of the Dismissal

Once Plaintiff discovered the dismissal, she promptly contacted the Court, obtained copies of the docket entries, and gathered supporting documentation regarding the returned mail and starting USPS investigation.

D. The Interests of Justice Favor Resolution on the Merits

This case concerns substantial claims involving the loss and conversion of personal property. A person who acted as good Samaritan should not be taken advantage of and be punished and lose 6 months sleep, work and health because of her good heart to help a total stranger on Dec 12, 2025. Plaintiff respectfully submits that the interests of justice favor resolving those claims on their merits rather than through a dismissal caused by circumstances beyond Plaintiff's control.

## IV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Vacate the Order of Dismissal (Doc. 72);

2. Vacate the Judgment Entry (Doc. 73);

3. Reopen this action;

4. Grant Plaintiff a reasonable period of time to obtain transcript, respond to all pending motions including Defendants' frivolous April 23, 2026 Motion to Dismiss and Court orders that were issued after April 29, 2026 heading; and

5. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Julie Robert, Plaintiff

5 Tsienneto Road, #177, Derry, NH 03038

Email: julierrobert@yahoo.com

## CERTIFICATE OF SERVICE

This motion is served on all parties via the addresses in the court record via court electronic system and US Postal Service.

Julie Robert, Plaintiff