FILED

JUN 2 4 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JULIA RIELINGER,

Plaintiff,

v.

CLEVELAND CHINATOWN DEVELOPMENT LLC,

et al.,

Defendants.

Case No. 1:26-cv-00995-JPC

JUDGE CALABRESE

**PLAINTIFF'S EXPLANATION REGARDING ROBERT v. BROWN (FLEMING ACTION), REQUEST TO ACCEPT FILING AS TIMELY, AND MOTION FOR RELIEF FROM DISMISSAL ORDER OR, IN THE ALTERNATIVE, FOR ADDITIONAL TIME TO PERFECT SERVICE**

Plaintiff Julia Rielinger respectfully submits this explanation in response to the Court's May 29, 2026 Order and respectfully requests relief from the dismissal of Defendants David Thompson, Debra Brown, and Philip McCall, or alternatively additional time to perfect service.

## I. PLAINTIFF DID NOT RECEIVE ACTUAL NOTICE OF THE MAY 29, 2026 ORDER

Plaintiff did not receive actual notice of the Court's May 29, 2026 Order and therefore was unaware of the June 5, 2026 deadline established therein. Upon learning of the Order, Plaintiff acted promptly and prepared this response at the earliest reasonable opportunity.

Plaintiff's failure to respond by June 5, 2026 was not intentional and was not the result of disregard for the Court's authority. Rather, Plaintiff lacked actual notice of the Order and acted diligently once she became aware of it.

Accordingly, Plaintiff respectfully requests that the Court accept this filing as timely filed upon actual notice of the Court's directive.

1

## II. EXPLANATION REGARDING ROBERT v. BROWN (FLEMING ACTION)

The action before Judge Fleming, Robert v. Brown, was filed for the purpose of obtaining emergency injunctive relief and mitigating ongoing harm relating to Plaintiff's personal property and related conduct by the defendants named in that action.

The Fleming action was filed as an emergency matter seeking immediate court intervention. The purpose of that action was to prevent additional harm, preserve evidence, and protect Plaintiff's rights while the underlying disputes continued.

Although certain factual circumstances may overlap with issues raised in the present action, the Fleming action sought emergency injunctive relief and addressed circumstances requiring immediate intervention. The present action seeks broader relief arising from separate legal claims and damages asserted against multiple defendants. It was filed before the present case was transferred to this Court.

Plaintiff did not intentionally fail to disclose the Fleming action and respectfully submits this explanation promptly upon learning of the Court's directive.

## III. PLAINTIFF ACTED DILIGENTLY AND IN GOOD FAITH

Plaintiff actively prosecuted this matter and undertook substantial efforts to effect service upon Defendants David Thompson, Debra Brown, and Philip McCall.

Plaintiff hired a process server, attempted service at known addresses, and served the Defendants with certified and regular mail after Defendants intentionally invaded the service, Plaintiff reasonably believed that the service efforts complied with the applicable rules. Plaintiff further believed that these Defendants were actively avoiding service.

2

Plaintiff did not ignore the service requirements and did not fail to prosecute the action. Rather, Plaintiff undertook substantial efforts to provide notice and acted in good faith throughout the proceedings.

## IV. **REQUEST FOR RELIEF FROM DISMISSAL ORDER**

Plaintiff respectfully moves for relief from the May 29, 2026 dismissal order pursuant to Federal Rule of Civil Procedure 60(b) and further submits that an extension under Rule 4(m) would better serve the interests of justice than dismissal where Plaintiff made diligent and good-faith efforts to effect service.

To the extent the Court determined that Plaintiff's service efforts were procedurally deficient, Plaintiff respectfully submits that dismissal was an unduly harsh remedy.

The issue concerned the method of service rather than the merits of Plaintiff's claims. The Court did not dismiss these claims based upon their merits, but instead based upon a procedural determination regarding service.

Plaintiff respectfully requests that the Court reconsider the dismissal order, vacate the dismissal of Defendants David Thompson, Debra Brown, and Philip McCall, and permit the claims to proceed on their merits.

## V. ALTERNATIVE REQUEST FOR ADDITIONAL TIME TO PERFECT SERVICE

If the Court declines to vacate the dismissal order, Plaintiff respectfully requests additional time to perfect service and/or seek alternative service.

Plaintiff made diligent and good-faith efforts to provide notice to the dismissed Defendants. Under these circumstances, Plaintiff respectfully submits that additional time to perfect service would better serve the interests of justice than dismissal.

## VI. ALTERNATIVE REQUEST FOR CLERK-ISSUED SERVICE

In the alternative, Plaintiff respectfully requests that the Court direct the Clerk to issue and mail service of the Amended Complaint and summons upon Defendant David Thompson and any appropriate business entity associated with Defendant Thompson at the addresses contained in the record, or permit such other method of service as the Court deems appropriate.

Because the prior dismissal was based upon the method of service rather than the merits of Plaintiff's claims, Plaintiff respectfully requests an opportunity to perfect service so that the claims may be adjudicated on their merits.

## VII. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Accept this explanation regarding Robert v. Brown (the Fleming action);

B. Accept this filing as timely upon Plaintiff's actual notice of the Court's May 29, 2026 Order;

C. Vacate the dismissal of Defendants David Thompson, Debra Brown, and Philip McCall;

D. Alternatively, grant Plaintiff additional time to perfect service;

E. Alternatively, direct the Clerk to issue service of the Amended Complaint and summons or permit another appropriate method of service; and

F. Grant such other and further relief as the Court deems just and proper.

4

Respectfully submitted,

*/s/ Julia Rielinger*

Julia Rielinger, Plaintiff

5 Tsienneto Road, #177, Derry, NH 03038

## Certificate of Service

This motion is served on all parties via the court electronic system and US Postal Service to the addresses in court record.

*/s/ Julia Rielinger*

Julia Rielinger, Plaintiff