| | | |
|---|---|---|
| JULIA RIELINGER, *et al.*, | ) | Case No. 1:26-cv-995 |
| | ) | |
| Plaintiffs, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| CLEVELAND CHINATOWN | ) | |
| DEVELOPMENT LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Plaintiff Julia Rielinger, proceeding without a lawyer, brings this lawsuit alleging violations of her civil rights. She alleges that Defendants intentionally misused eviction proceedings in State court in Cleveland, Ohio, resulting in the unlawful seizure and destruction of her business property, personal property, and collapse of her commercial activities. Plaintiff originally filed this case in the District of New Hampshire, then it was transferred to the Northern District of Ohio. Following various filings and numerous motions and orders, four pending motions remain: (1) Defendant Nancy Liang's motion to vacate default judgment and for leave to file an answer; (2) Plaintiff's motion for leave to file an amended complaint; (3) Plaintiff's motion for leave to file a motion for default judgment; and (4) Plaintiff's motion to accept her filing as timely and for relief from the Court's order dismissing certain Defendants.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Julia Rielinger commenced this action on November 25, 2025 in the District of New Hampshire. (ECF No. 1.) Plaintiff filed motions for the United States Marshals Service to complete service on her behalf (ECF No. 5; ECF No. 6), but the court denied those motions because she paid the filing fee and became responsible for timely and properly effectuating service (Order, Jan. 13, 2026).

On February 24, 2026, Plaintiff moved for alternative service of process and an extension of time to complete service. (ECF No. 9.) On March 19, 2026, Plaintiff filed notice that service was perfected on Defendants Cleveland Chinatown Development LLC and Nancy Liang. (ECF No. 12.) Then, on March 24, 2026, Plaintiff renewed her motion for alternative service of process for the remaining Defendants: FNU Huang; David Thompson; John Doe Movers 1–5; Debra Brown; and Philip McCall. (ECF No. 15.)

That same day, the Magistrate Judge issued a report and recommendation that the court transfer the case to the Northern District of Ohio and that all pending motions be denied as moot. (ECF No. 16.) On April 13, 2026, the District Judge adopted the report and recommendation and denied as moot all pending motions, including Plaintiff's motions for alternative service of process. (ECF No. 19.) Then, the case was transferred to the Northern District of Ohio on April 28, 2026. (ECF No. 20.)

Based on the docket, Plaintiff named six individuals as Defendants in this case, excluding a number of John Does. The record shows that Plaintiff perfected service

on Defendants Cleveland Chinatown Development LLC and Nancy Liang before transfer of the case to the Northern District of Ohio. (ECF No. 12.) At the time of transfer, however, the docket did not reflect service on the remaining Defendants: FNU Huang; David Thompson; Debra Brown; and Philip McCall Therefore, on May 4, 2026, following transfer, the Court ordered Plaintiff to complete service on all Defendants by May 25, 2026. (ECF No. 21.) Since the entry of that Order, counsel for Defendants Cleveland Chinatown Development LLC and FNU Huang (although there is no indication that he was served) entered a notice of appearance and filed a joint answer to the amended complaint. (ECF No. 22; ECF No. 23.)

On May 22, 2026 and May 25, 2026, Plaintiff filed notices that she completed service of the remaining Defendants: Dave Thompson, Debra Brown, and Philip McCall. (*See* ECF No. 25; ECF No. 27.) In support, Plaintiff attached scanned copies of certified and regular mail receipts and an affidavit from a process server. (*See* ECF No. 25-1; ECF No. 27-1.) On May 29, 2026, the Court determined that Plaintiff failed to complete service on these Defendants within the required time frame and dismissed Defendants David Thompson, Debra Brown, and Philip McCall without prejudice. (ECF No. 28.) Later that day, these Defendants moved to dismiss or stay this action. (ECF No. 31.) Because these Defendants were no longer parties to this case, the Court struck that motion. (ECF No. 32.)

In dismissing these Defendants, the Court ordered Plaintiff to file a short explanation, no later than June 5, 2026, why she filed documents in this case without advising the Court of *Robert v. Brown*, No. 1:26-cv-103 (filed Jan. 15, 2026). (*Id.*)—

3

another case that Ms. Rielinger filed under another name against some of the same Defendants without advising either presiding judge. In doing so, the Court asked Plaintiff to explain whether that lawsuit involves the same core operative facts as the remaining claims in this lawsuit. (*Id.*) On June 24, 2026, nearly three weeks late, Plaintiff filed her explanation regarding and a motion for the Court to deem that filing timely. (ECF No. 37.) Additionally, Plaintiff requests relief from the Court's order dismissing Defendants David Thompson, Debra Brown, and Philip McCall or in the alternative, additional time to perfect service. (*Id.*)

Also on May 29, 2026, the Court noted that Defendant Nancy Liang was in default and ordered the Clerk to enter her default under Rule 55(a) because she failed to answer, move, defend, or otherwise appear in response to Plaintiff's complaint. (ECF No. 29.) In doing so, the Court directed Plaintiff to file a motion for default judgment, with proper support for all relief sought, no later than June 11, 2026. (*Id.*) On June 8, 2026, Ms. Liang filed a motion to vacate the default judgment and for leave to file an answer. (ECF No. 33.) Then, on June 24, 2026, Plaintiff opposed Ms. Liang's motion to vacate the default and a motion for leave to file a motion for default judgment against Ms. Liang—nearly two weeks after the deadline. (ECF No. 35; ECF No. 36.)

Additionally, on June 8, 2026, in the midst of other filings, Plaintiff filed a motion for leave to file an amended complaint. She did so before explaining why she had multiple lawsuits pending in the Northern District of Ohio against the same Defendants without advising the Court.

4

## I.    Entry of Default Against Nancy Liang

On May 29, 2026, the Court ordered the Clerk to enter the default of Defendant Nancy Liang under Rule 55(a) because she failed to answer, move, or otherwise respond to the complaint after being served on February 23, 2026. (ECF No. 29; ECF No. 30.)  In doing so, the Court set a deadline of June 11, 2026 for Plaintiff to apply for a default judgment against Ms. Liang.  (ECF No. 29.)

On June 8, 2026, Ms. Liang filed a motion to vacate default judgment (though the Court only entered default and not a default judgment) and for leave to file an answer.  (ECF No. 33.)  Plaintiff did not apply for a default judgment by the deadline; instead, Plaintiff filed a motion for leave to file a motion for default judgment on June 24, 2026—nearly two weeks after the Court's deadline.  (ECF No. 36.)  At the same time, Plaintiff opposed Ms. Liang's motion to vacate the entry of default.  (ECF No. 37.)  On June 30, 2026, Ms. Liang responded to Plaintiff's opposition.  (ECF No. 38.)

Rule 55(c) permits a court to set aside an entry of default "for good cause."  This standard is "extremely forgiving to the defaulted party" and favors "resolving cases on the merits instead of on the basis of procedural missteps."  *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010).  Courts consider three factors in making the equitable determination of "good cause" under Rule 55:  (1) whether the entry of default was the result of willful or culpable conduct, (2) whether a set-aside would prejudice the plaintiff, and (3) whether the defenses raised after the entry of default are meritorious.  *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 432 (6th Cir. 1996).

5

At the outset. the Court notes that Ms. Liang (an attorney who resides and practices primarily in the Northern District of Ohio) appears to be confused by the procedural posture and history of this case. Plaintiff did not, as Ms. Liang contends, initiate this case in the Northern District of Ohio in addition to the case in the District of New Hampshire. This case *is* the case that was filed in the District of New Hampshire. That is because after finding that the District of New Hampshire was the improper venue for the proceedings, the case was transferred to the Northern District of Ohio. (ECF No. 20.)

Contrary to Ms. Liang's position that Plaintiff "purportedly effected service" on her (ECF No. 33 PageID #199), Plaintiff *actually* effected service on Ms. Liang. Plaintiff filed a notice of return of service that indicated Ms. Liang was personally served on February 23, 2026, before the case was transferred to the Northern District of Ohio. (ECF No. 12.) Additionally, Ms. Liang contends that the District of New Hampshire previously denied Plaintiff's request for "special service" (alternative service) on her. (ECF No. 38, PageID #273.) Therefore, she argues that Plaintiff was precluded by that ruling from using the "same defective service method to obtain jurisdiction [over Ms. Liang] in any federal forum." (*Id.*) But Ms. Liang is mistaken. Plaintiff did not seek alternative service on her. Indeed, in the motion for alternative service, Plaintiff stated that Ms. Liang was served in person at two different addresses. Accordingly, the record reflects that Ms. Liang was properly served but she failed to answer, move, or otherwise respond to the complaint as required.

6

Based on Ms. Liang's misconceptions of the factual and procedural background of this case, it is difficult to identify good cause that justifies setting aside her default. Still, all that matters here is that Ms. Liang makes clear that she intends to defend the action on its merits, notwithstanding her previous failure to do so, and to raise potentially meritorious defenses. Accordingly, the Court **GRANTS** Defendant Nancy Liang's motion (ECF No. 33) and sets aside the entry of default—not default judgment, which the Court has not yet entered.

Because the Court sets aside the entry of default against Defendant Nancy Liang, the Court **DENIES AS MOOT** Plaintiff's motion for leave to file a motion for default judgment (ECF No. 35).

## II. Plaintiff's Explanation Regarding *Robert v. Brown*, No. 1:26-cv-103

Although the Court set a deadline of June 5, 2026 for Plaintiff to file an explanation whether this lawsuit and *Robert v. Brown* involve the same core operative facts (ECF No. 32), Plaintiff did not file her explanation until June 24, 2026 (ECF No. 37). In doing so, Plaintiff requests that the Court accept the filing as timely. (ECF No. 37, PageID #267.)

Plaintiff explains that she did not receive actual notice of the Court's May 29, 2026 Order and, therefore, she was unaware of the Court's deadline for her to file her explanation. (*Id.*) Plaintiff claims that her failure to respond by the deadline was "not intentional or the result of disregard for the Court's authority." (*Id.*) And once she learned of the deadline, Plaintiff says that she acted promptly and prepared her response. (*Id.*)

Plaintiff bears responsibility to monitor the docket (and to maintain her contact information) and timely to respond to Court Orders and to follow the deadlines under the Rules. She alone bears responsibility for her failure to do so. The Court does not excuse her failure to file timely. In so ruling, the Court notes that it was prepared to dismiss the case for Plaintiff's failure to abide by the Court's Orders and for her failure to prosecute the case. Therefore, the Court admonishes Plaintiff that if she misses another deadline or fails to abide by another Order, the Court will dismiss this case for failure to prosecute—indeed, the Court was drafting an order doing so when Plaintiff belatedly filed her explanation. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (explaining that the authority of a court to dismiss a case *sua sponte* for lack of prosecution is considered an inherent power).

## III. Plaintiff's Motion for Reconsideration

Included in her filing containing the Court's requested explanation regarding *Robert v. Brown*, Plaintiff seeks reconsideration of the order dismissing Defendants David Thompson, Debra Brown, and Philip McCall and to give her additional time to perfect service. (ECF No. 37, PageID #269–70.)

To justify reconsideration, a moving party is required to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).

After reviewing the record, Plaintiff's motion for reconsideration, and the Order dismissing Defendants David Thompson, Debra Brown, and Philip McCall, the Court sees no clear error of law and no manifest injustice. Therefore, the Court stands by its original ruling and will not revisit its previous Order. Indeed, Plaintiff had another case pending in this District, *Robert v. Brown*, No. 1:26-cv-103, against Defendants Debra Brown and Philip McCall, which appears to involve the same transaction and occurrence—and Plaintiff recognizes as much. (*See* ECF No. 37, PageID #268 ("[C]ertain factual circumstances may overlap with issues raised in the present action[.]").) Yet, Plaintiff decided to proceed against them in both cases and did not complete service in this case as Rule 4(e) requires. Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration, or, in the alternative, motion for additional time to perfect service (ECF No. 37).

## CONCLUSION

For the foregoing reasons, this case shall proceed against Defendants Cleveland Chinatown Development, Nancy Liang, and FNU Huang. The Court **ORDERS** that Defendants file any motion to dismiss by July 22, 2026. In accordance with the Court's Standing Order (which can be found [here](#)), Defendants shall file only one consolidated brief in support of any motion to dismiss—even if the parties raise different grounds or the arguments involve different claims. To account for Plaintiff's purported issues with receiving orders or notices related to this case by mail, Plaintiff shall file a response to any motion to dismiss no later than September 8, 2026. Again,

9

the Court warns Plaintiff that a failure to abide by this deadline will result in dismissal of this case for failure to prosecute.

Further, the Court holds in abeyance a ruling on Plaintiff's motion for leave to amend the complaint (ECF No. 34). If needed, the Court will consider the motion after ruling on any motion to dismiss. Additionally, the Court notes that the parties shall not file any additional motions or filings besides a combined motion to dismiss and any related briefing. The Court will strike any submissions that do not comply with this Order.

**SO ORDERED.**

Dated: July 6, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio