**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JULIA RIELINGER,<br><br>Plaintiff,<br><br>v.<br><br>CLEVELAND CHINATOWN DEVELOPMENT LLC, *et al.*,<br><br>Defendants. | ) | Case No. 1:26-cv-995<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>James E. Grimes, Jr. |

**<u>OPINION AND ORDER</u>**

Plaintiff Julia Rielinger, proceeding without a lawyer, filed suit alleging violations of her federal civil rights and bringing various State-law tort claims. The Court granted Defendants' motion for judgment on the pleadings (ECF No. 47), and Plaintiff seeks reconsideration of that Order (ECF No. 49).

As a threshold matter, under Section 9.M of its Civil Standing Order (available <u>here</u> on the Court's website), the Court limits any motion for reconsideration to two pages and will request briefing if it needs further explanation of the basis for the motion. Plaintiff did not comply with this requirement. The Court imposes this limitation to minimize the burden associated with re-litigating matters, particularly in light of the high standard for reconsideration. Plaintiff's motion does not comply with the Court's Standing Order. That failure suffices to deny the motion.

In any event, the motion fails on its merits. A court may alter or amend the judgment only where there is a clear error of law, newly discovered evidence, or an

intervening change in controlling law or to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Such relief constitutes an extraordinary remedy reserved for exceptional cases. *Hines v. Commissioner of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations omitted). It is not an opportunity to re-argue matters or "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Federal Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). And a district court retains discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). Under this high standard, Plaintiff's motion lacks merit.

Plaintiff argues that the Court resolved disputed facts against her. (ECF No. 48, PageID #404.) Not so. To the contrary, in the Rule 12 posture, the Court took Plaintiff's well-pleaded allegations as true. In doing so, the Court determined that Defendants were entitled to judgment in their favor. Because the Court took the facts in Plaintiff's favor, Defendants' motion for judgment on the pleadings turned on the allegations, not evidence; therefore, the Court declined to consider the declarations that Plaintiff submitted. In particular, Plaintiff takes issue with the Court's ruling on Count IV (conversion) and Count V (civil theft and trespass to chattels). Based on its review of the record, the Court stands on its ruling. Plaintiff's argument depends on allegations previously made and available to her, and the Court's ruling does not result in clear error or a manifest injustice.

Also, Plaintiff implies that the Court took note of a 2024 declaration naming her a vexatious litigator in a state court action. In her motion for reconsideration, Plaintiff takes the opportunity to air her grievances, again, with Defendants stemming from a wrongful death action, mentioning judicial conflicts, prosecutorial misconduct involving murder evidence, custody disputes over grandchildren, and due process violations. (ECF No. 49, ¶ 2, PageID #400-01.) Whatever the relationship between the parties, the Court took no note of it and based its ruling based on the record relating to Plaintiff's claims.

Finally, Plaintiff complains that the Court indicated in its ruling dated July 6, 2026 that it would consider Plaintiff's motion for leave to amend after ruling on Defendants' motion under Rule 12 (*see* ECF No. 39, PageID #294) but did not do so. This argument lacks merit too. Upon entering judgment in favor of Defendants, there is no pending action for Plaintiff to amend. Before amending, she would first need to set aside the judgment, and there is no basis for doing so. In any event, Plaintiff's request for leave to amend came in the midst of her violation of a Court Order. (*Id.*, PageID #288.) That violation suffices to justify denial of her amendment request in any event. As for Plaintiff's complaint that she was not properly served with Defendants' motion, the record reflects that she received it and responded to it. Therefore, this argument lacks merit.

For all these reasons, the Court **DENIES** Plaintiff's motion for reconsideration.

**SO ORDERED.**

Dated: November 16, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio